STATE OF WEST VIRGINIA

*In Re:* **C.N., M.S. II, and T.N.**

**No. 12-1051** (Clay County 11-JA-1, 2 & 3)

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Grandfather filed this appeal, by counsel Christopher Moffatt, from the Circuit Court of Clay County, which terminated his supervised visitation with children C.N. and M.S. II by order entered on September 7, 2012.[1] The guardian ad litem for the children, Keisha D. May, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee Niezgoda, also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The circuit court granted Petitioner Grandfather supervised visitation with the minor children after it terminated the parental rights of the children's parents. Supervised visitation began in the fall of 2011 and continued until the children's guardian ad litem filed a motion to terminate visitation due to difficulties the children were having before and after visitation. The guardian also asserted that petitioner often ended visits with the children early. After a hearing on the guardian's motion, the circuit court entered its order terminating Petitioner Grandfather's visitation with the children in September of 2012. Petitioner appeals.

On appeal, petitioner argues that no evidence supported terminating his visitation with the children. Petitioner asserts that no evidence was provided to show that any behavioral problems exhibited by the children were caused by visits with petitioner. He argues that, rather, the children's behavior could have been due to the change in person who transported the children from one grandparent to the other or due to the fact that the grandparents do not get along with each other. He argues that it was only in the last two months before visitation was terminated that issues developed. He asserts the circuit court could have rearranged visitation times or ordered psychological exams of the children to obtain additional evidence instead of terminating visitation.

---

[1] This order only specified termination of visitation between petitioner and C.N. and M.S. II. A review of the guardian ad litem's brief provides that T.N. was dismissed from this case after she turned eighteen years old.

The children's guardian ad litem and DHHR respond and argue in support of the circuit court's order. Respondents highlight the children's young ages and the importance of their emotional and physical well-being. Both argue that throughout the course of several months, the visitations became difficult on the children's behavior and health, petitioner himself ended visitations early, and continuing visitation was not in the children's best interests. They argue that petitioner has no absolute right to visitation and the circuit court did not err in terminating his visitation with the subject children.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, with regard to a grandparent's right to visitation, we recognize as follows: "Any circuit court or family court that grants visitation rights to a grandparent shall retain jurisdiction throughout the minority of the minor child with whom visitation is granted to modify or terminate such rights as dictated by the best interests of the minor child." W.Va. Code § 48-10-1001. Upon our review of the record, we find no error by the circuit court.

For the foregoing reasons, we affirm the circuit court's order terminating Petitioner Grandfather's visitation with C.N. and M.S. II.

Affirmed.

**ISSUED:** February 11, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II